Cullen, J.
This case differs from O'Hara agt. Dudley both in the form of the action and in its facts. This suit is brought to construe the will of the testatrix, and the validity of the provisions of that will must be determined on the face of the will. The action in O’Hara agt. Dudley was to declare a trust in favor of the heirs in consequence of the promise made by the devisees, and the action was decided in favor of the heirs solely on account of such promise. Eo promise is alleged or shown in this case. Eor can there be said to be a *153 trust raised on the face of the will, for the testatrix declares that she intends to make the gift absolute, and that there should be no legal obligation upon the devisees to comply with her wishes as to the eventual disposition of the property. As she has said in the plainest terms there shall be no trust, the courts cannot say there is such a trust. Further, there is no illegality or contravention of public policy in affecting the object she sought to attain. In this respect also the case differs from that which the court of appeals interpreted as the intention of the testator in O’Hara agt. Dudley.
Miss Dugdale wished no accumulation of the fund; she suggested no restraint upon its absolute disposition for any period but two lives in being, and not necessarily for that time. In fact, if there were a trust it would be inoperative because the beneficiaries would be indefinite. But this the testatrix knew, and she did not intend to east upon the courts the duty of seeing that her wishes were carried out, but left that solely to the sense of propriety her devisees might possess. If that sense of propriety does not dictate a disposition of the fund in accordance with the testatrix’s wishes, that is exactly what the testatrix intended they should do in that contingency, though she hoped the contingency would not occur. In such case it cannot be said that any fraud is practiced on the testatrix, for the devisees never made any promise to her.
Without reviewing the decided cases at length, two principles seem established by them : First. The courts recognize the difference between the intent of a testator to create a legal direction on his devisee and the intent solely to create a moral obligation, and that the latter does not create a trust (1 Jar. on Wills, p. 385). Second. That while a secret trust to apply the devised property to an illegal purpose will render the devisee a trustee for the heirs at law or next of kin, the trust must be established in such manner that if legal it would have been binding upon the trustee (1 Jar., p. 233).
As is my judgment the language of the will, if directed toward a purpose capable of legal enforcement, would not *154 have created a trust, and as there is no promise shown die hors the will to apply the devised property to such purpose, it follows that the devise under discussion is valid, and that the devisees take the property absolutely as their own.
Costs of all parties to be paid out of the fund. ■